**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PRESERVATION SOCIETY OF NEWPORT COUNTY,<br><br>   *Plaintiff,*<br><br> v.<br><br>DEB HAALAND, Secretary of the Interior;<br>U.S. DEPARTMENT OF THE INTERIOR;<br>BUREAU OF OCEAN ENERGY MANAGEMENT,<br><br>   *Defendants,*<br><br> and<br><br>REVOLUTION WIND, LLC,<br><br>   *Proposed Defendant-Intervenor* | Case No.: 1:23-cv-03513-RCL<br><br>**[PROPOSED] ANSWER OF**<br>**REVOLUTION WIND, LLC** |

Revolution Wind, LLC ("Revolution Wind") answers Plaintiff's Complaint (Doc. No. 1) as follows:

**INTRODUCTION**

1. Paragraph 1 contains Plaintiff's description of itself and characterization of this lawsuit, neither of which requires a response. To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 1.

2. The allegations in Paragraph 2 state legal conclusions or characterize this lawsuit, neither of which requires a response. To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 2.

3. The allegations in Paragraph 3 state legal conclusions or characterize this lawsuit, neither of which requires a response. To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 3.

4.      Paragraph 4 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.      Paragraph 5 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies that the Court has subject matter jurisdiction to hear Plaintiff's claims and denies that Plaintiff has standing to pursue its claims.

6.      Paragraph 6 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations of Paragraph 6.

7.      Paragraph 7 states a legal conclusion, which requires no response.  To the extent a response is required, Revolution Wind denies the allegations in Paragraph 7.

## PARTIES

8.       Paragraph 8 provides Plaintiff's description of itself.  Revolution Wind lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 8, and, on that basis, denies the same.

9.      Revolution Wind admits that Deb Haaland is the Secretary of the U.S. Department of the Interior and is sued in her official capacity.  The remainder of Paragraph 9 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 9.

10.     Paragraph 10 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 10.

11.     Paragraph 11 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 11.

12.     Paragraph 12 states a legal conclusion, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegation in Paragraph 12.

## BACKGROUND

**Legal Framework**

13.     Paragraph 13 purports to quote a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 13 that are inconsistent with the plain language of the statute.

14.     Paragraph 14 purports to summarize a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 14 that are inconsistent with the plain language of the statute.

15.     Paragraph 15 purports to summarize a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 15 that are inconsistent with the plain language of the statute.

16.     Paragraph 16 purports to summarize a statute and implementing regulations, which requires no response.  To the extent that a response is required, the statute and implementing regulations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 16 that are inconsistent with the plain language of the statute and implementing regulations.

17.     Paragraph 17 purports to summarize a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its

content.  Revolution Wind denies any allegations in Paragraph 17 that are inconsistent with the plain language of the statute.

18.      Paragraph 18 purports to summarize and quote a statute and implementing regulations, which requires no response.  To the extent that a response is required, the statute and implementing regulations speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 18 that are inconsistent with the plain language of the statute and implementing regulations.

19.      Paragraph 19 purports to summarize and quote implementing regulations, which requires no response.  To the extent that a response is required, the implementing regulations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 19 that are inconsistent with the plain language of the implementing regulations.

20.      Paragraph 20 purports to summarize and quote a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 20 that are inconsistent with the plain language of the statute.

FACTUAL BACKGROUND

**Newport's Historic and Cultural Resources**

21.      Revolution Wind lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 21, and, on that basis, denies the same.

22.      Revolution Wind lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 22, and, on that basis, denies the same.

23.      Paragraph 23 is denied.

24.     Revolution Wind lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 24, and, on that basis, denies the same.

25.     Paragraph 25 purports to summarize Department of the Interior designations and recognitions, which requires no response.  To the extent that a response is required, the Department of the Interior documents speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 25 that are inconsistent with the plain language of those documents.

26.     Paragraph 26 contains Plaintiff's characterization of the case, which requires no response.  To the extent a response is required, Revolution Wind denies the allegations in Paragraph 26.

27.     Paragraph 27 contains Plaintiff's characterization of the case, which requires no response.  To the extent a response is required, Revolution Wind denies the allegations in Paragraph 27.

**Revolution Wind Farm**

28.     The first two sentences of Paragraph 28 are admitted.  Revolution Wind admits that the Revolution Wind Farm will have up to 65 wind turbine generators, and the height to the upright rotor blade will be 873 feet above mean sea level.  Any remaining allegations in Paragraph 28 are denied.

29.     The allegations in the first sentence of Paragraph 29 are unduly vague and, on that basis, Revolution Wind denies the same.  The allegations in the second sentence of Paragraph 29 are denied.

30.     Paragraph 30 is denied.

31.     Paragraph 31 is denied.

32.     Paragraph 32 is denied.

33.     Paragraph 33 is denied.

**BOEM's Conduct**

34.     Paragraph 34 is denied.

35.     Paragraph 35 is denied.

36.     Paragraph 36 is denied.

**CLAIMS FOR RELIEF**

37.     Revolution Wind incorporates its responses to previous allegations as if set forth herein.

**FIRST CLAIM FOR RELIEF**

38.     Revolution Wind incorporates its responses to previous allegations as if set forth herein.

39.     Paragraph 39 purports to paraphrase a statute and regulations, which requires no response.  To the extent that a response is required, the statute and regulations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 39 that are inconsistent with the plain language of the statute and regulations.

40.     Paragraph 40 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 40.

41.     Paragraph 41 is denied.

42.     Paragraph 42 is denied.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

45.     Paragraph 45 is denied.

46.     Paragraph 46 is denied.

47.     Paragraph 47 is denied.

48.     Paragraph 48 is denied.

**SECOND CLAIM FOR RELIEF**

49.     Revolution Wind incorporates its responses to previous allegations as if set forth herein.

50.     Paragraph 50 purports to paraphrase and quote a statute and implementing regulations, which requires no response.  To the extent that a response is required, the statute and implementing regulations speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 50 that are inconsistent with the plain language of the statute and implementing regulations.

51.     Paragraph 51 states a legal conclusion, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 51.

52.     Paragraph 52 is denied.

53.     Paragraph 53 is denied.

54.     Paragraph 54 is denied.

55.     Paragraph 55 is denied.

56.     Paragraph 56 is denied.

57.     Paragraph 57 is denied.

**THIRD CLAIM FOR RELIEF**

58.     Revolution Wind incorporates its responses to previous allegations as if set forth herein.

59.    Paragraph 59 purports to paraphrase a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 59 that are inconsistent with the plain language of the statute.

60.    Paragraph 60 is denied.

61.    Paragraph 61 is denied.

62.    Paragraph 62 is denied.

63.    Paragraph 63 is denied.

## PRAYER FOR RELIEF

Revolution Wind denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Revolution Wind denies every allegation in Plaintiff's Complaint not expressly admitted in this Proposed Answer.

## DEFENSES

Revolution Wind states that it will rely upon one or more of the following defenses. Revolution Wind asserts the following defenses without assuming any burden of proof of such defenses that would otherwise rest on Plaintiff.  Notwithstanding the enumeration of specific defenses set forth below, Revolution Wind reserves unto itself all of those defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure and such other defenses, affirmative and otherwise, as may prove to be applicable, and hereby reserves unto itself all of its rights associated with any such claim or potential claim.  Revolution Wind reserves the right to amend this Proposed Answer if investigation and further information warrant such amendment, and further, to assert any applicable matters of law during the pendency of this action.

**First Defense**

Plaintiff lacks standing to raise some or all of the claims in the Complaint.

**Second Defense**

Plaintiff fails to state a claim upon which relief can be granted for some or all of the claims in the Complaint.

**Third Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**Fourth Defense**

The relief sought by Plaintiff is barred in whole or in part by the doctrine of laches.

**Fifth Defense**

Plaintiff's claims are barred in whole or in part under the doctrine of harmless error.

**Sixth Defense**

Some or all of Plaintiff's claims are not ripe for review.

**Seventh Defense**

Plaintiff's claims are barred in whole or in part under the doctrine of mootness.

**RESERVATION**

Revolution Wind reserves the right to add defenses as may be developed during litigation.

*       *       *

Revolution Wind respectfully requests that the Court enter judgment in favor of Defendants.

Dated:  December 4, 2023                    Respectfully submitted,

By */s/*    Janice M. Schneider
    Janice M. Schneider (D.C. Bar No. 472037)
    Stacey L. VanBelleghem (D.C. Bar No. 988144)
    Devin M. O'Connor (D.C. Bar No. 1015632)
    LATHAM & WATKINS LLP
    555 11th Street NW, Suite 1000
    Washington, D.C. 20004
    Tel:  (202) 637-2200
    Fax:  (202) 637-2201
    Email: janice.schneider@lw.com
        stacey.vanbelleghem@lw.com
        devin.o'connor@lw.com

    *Counsel for Proposed Defendant-Intervenor*
    *Revolution Wind, LLC*