**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PRESERVATION SOCIETY OF
NEWPORT COUNTY,

*Plaintiff,*

v.

DEB HAALAND, Secretary of the Interior;
U.S. DEPARTMENT OF THE INTERIOR;
BUREAU OF OCEAN ENERGY MANAGEMENT,

*Defendants,*

and

REVOLUTION WIND, LLC,

*Defendant-Intervenor*

Case No.: 1:23-cv-03513-RCL

**UNOPPOSED MOTION OF REVOLUTION WIND, LLC TO CONSOLIDATE**

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5(d), Revolution Wind, LLC ("Revolution Wind") respectfully moves to consolidate *Preservation Society of Newport County v. Haaland*, Case No. 1:23-cv-03513-RCL (D.D.C.), and *Southeast Lighthouse Foundation v. Haaland*, Case No. 1:23-cv-03515-RCL (D.D.C.). In support, Revolution Wind submits its Memorandum of Points and Authorities, which is being filed contemporaneously with this Motion. Revolution Wind also attaches to this Motion a proposed order for the Court.

Pursuant to Local Civil Rule 7(m), counsel for Revolution Wind has conferred with counsel for the parties regarding this Motion. Plaintiffs in both cases do not object to the consolidation of these cases, and Federal Defendants in both cases agree that consolidation is appropriate.

Dated: December 19, 2023

Respectfully submitted,

By */s/ Janice M. Schneider*

Janice M. Schneider (D.C. Bar No. 472037)
Stacey L. VanBelleghem (D.C. Bar No. 988144)
Devin M. O'Connor (D.C. Bar No. 1015632)
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: janice.schneider@lw.com
stacey.vanbelleghem@lw.com
devin.o'connor@lw.com

*Counsel for Defendant-Intervenor*
*Revolution Wind, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PRESERVATION SOCIETY OF NEWPORT COUNTY,<br><br>*Plaintiff,*<br><br>v.<br><br>DEB HAALAND, Secretary of the Interior;<br>U.S. DEPARTMENT OF THE INTERIOR;<br>BUREAU OF OCEAN ENERGY MANAGEMENT,<br><br>*Defendants,*<br><br>and<br><br>REVOLUTION WIND, LLC,<br><br>*Defendant-Intervenor* | Case No.: 1:23-cv-03513-RCL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REVOLUTION WIND, LLC'S UNOPPOSED MOTION TO CONSOLIDATE**

Pursuant to Federal Rule of Civil Procedure 42(a)(2) and Local Civil Rule 40.5(d), Defendant-Intervenor Revolution Wind, LLC ("Revolution Wind") hereby moves to consolidate this action ("*Preservation Society*") with a later-numbered related case: *Southeast Lighthouse Foundation v. Haaland*, Case No. 1:23-cv-03515-RCL (D.D.C., Nov. 22, 2023) ("*Southeast Lighthouse*") (collectively, the "Revolution Wind Cases").[1]

---

[1] Plaintiff filed its complaint in *Southeast Lighthouse* on the same day as the instant case. *See Se. Lighthouse Found. v. Haaland*, 1:23-cv-3515-RCL, Dkt. 1 (D.D.C. Nov. 22, 2023). On December 4, 2023, Revolution Wind filed notices of related cases in both actions. *Pres. Soc'y of Newport Cnty. v. Haaland*, 1:23-cv-03513-RCL, Dkt. 7; *Se. Lighthouse*, Dkt. 8. On December 13, 2023, the Court reassigned the *Southeast Lighthouse* case as related to the *Preservation Society* case. *Se. Lighthouse*, Dkt. 16.

Pursuant to Local Civil Rule 7(m), counsel for Revolution Wind has conferred with counsel for the parties regarding this Motion. Plaintiffs in both cases do not object to the consolidation of these cases, and Federal Defendants in both cases agree that consolidation is appropriate.

Consolidation is warranted under Federal Rule 42(a)(2), which allows the Court to consolidate actions that "involve a common question of law or fact." Common questions of both law and fact predominate the Revolution Wind Cases. Both actions challenge the same federal approvals for the Revolution Wind Farm and Revolution Wind Export Cable (collectively, the "Project"), under the same statutes (Administrative Procedure Act, National Environmental Policy Act, and National Historic Preservation Act), on the same basis (relating to alleged visual impacts on historic properties in Rhode Island), and seek the same relief (primarily an order setting aside these federal approvals). *Pres. Soc'y*, Dkt. 1, ¶¶ 1-4; *Se. Lighthouse*, Dkt. 1, ¶¶ 1-4.

The Revolution Wind Cases will be decided on the same administrative record. In fact, the two actions' bases for challenging these approvals are nearly identical but for the geographic location of each plaintiff, as reflected in their complaints; nearly every factual allegation in the *Preservation Society* complaint tracks with a corresponding paragraph in the *Southeast Lighthouse* complaint. Both cases allege the same purported violations and harms. *See, e.g., Pres. Soc'y*, Compl., Dkt. 1, ¶¶ 32 & 36; *Se. Lighthouse*, Compl., Dkt. 1, ¶¶ 34 & 37. Like for the factual allegations, nearly every legal allegation in the *Preservation Society* complaint tracks with a corresponding paragraph in the *Southeast Lighthouse* complaint and alleges the same purported violation of law. *See, e.g., Pres. Soc'y*, Compl., Dkt. 1, ¶ 47; *Se. Lighthouse*, Compl., Dkt. 1, ¶ 47.

The Court should exercise its discretion under Rule 42(a)(2) to consolidate the Revolution Wind Cases. *See En Fuego Tobacco Shop LLC v. U.S. Food & Drug Admin.*, 356 F. Supp. 3d 1, 9 (D.D.C. 2019) (ordering consolidation of cases with the same defendant federal agency but different plaintiffs, over plaintiffs' objections, involving same administrative record but with

differences in claims and legal theories). "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy," and "consolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Id.* at 9-10 (citations omitted); *see also Royer v. Fed. Bureau of Prisons*, 292 F.R.D. 60, 61 (D.D.C. 2013) (ordering consolidation of cases against the same defendant on the same general facts and at the same stage of litigation). Actions "based upon the same administrative record and much the same law" are particularly appropriate for consolidation as it "will promote the interests of judicial economy, consistency, timeliness and convenience, without being likely to trigger any substantial risk of inconvenience, prejudice, delay or expense for the Court or the litigants." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 287 (D.D.C. 2011) (upholding consolidation of cases with the same defendant but different plaintiffs, over plaintiffs' objections, concerning the same federal agency action).

The Revolution Wind Cases present the archetypal basis for consolidation: the same plaintiffs' counsel filed two substantially identical complaints, on the same day, in the same jurisdiction, against the same defendants, bringing the same claims, under the same laws, seeking the same relief, to be determined on the same administrative record, concerning the same type of alleged impacts on historic properties within the same State. The interests of judicial economy—and indeed every factor under consideration—warrant consolidation here. Unless these cases are consolidated, the Court and the parties will be subjected to the unnecessary burden and cost of litigating and adjudicating these two cases, concurrently, in two separate proceedings that will be largely—if not entirely—duplicative. There would be no prejudice in consolidating these cases, nor would there be any confusion, particularly where the same set of counsel are involved for both

sides in both actions. In short, consolidating the Revolution Wind Cases would facilitate a prompt and efficient outcome, in the interests of both the Court and all parties.

For the foregoing reasons, Revolution Wind respectfully requests that the Court grant its Motion to consolidate the Revolution Wind Cases.

Dated: December 19, 2023

Respectfully submitted,

By */s/ Janice M. Schneider*

Janice M. Schneider (D.C. Bar No. 472037)
Stacey L. VanBelleghem (D.C. Bar No. 988144)
Devin M. O'Connor (D.C. Bar No. 1015632)
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: janice.schneider@lw.com
stacey.vanbelleghem@lw.com
devin.o'connor@lw.com

*Counsel for Defendant-Intervenor Revolution Wind, LLC*