# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRESERVATION SOCIETY OF NEWPORT COUNTY and SOUTHEAST LIGHTHOUSE FOUNDATION,<br>  *Plaintiffs*,<br><br>v.<br><br>DOUG BURGUM,[1] *et al.*,<br>  *Defendants*,<br><br>and<br><br>REVOLUTION WIND, LLC,<br>  *Defendant-Intervenor*. | Case No.: 1:23-cv-3513-RCL<br>Case No.: 1:23-cv-3515-RCL<br>  (consolidated)<br><br>Hon. Royce C. Lamberth |

### DEFENDANT-INTERVENOR REVOLUTION WIND, LLC'S
### NOTICE OF SUPPLEMENTAL AUTHORITY

  Defendant-Intervenor Revolution Wind, LLC ("Revolution Wind") respectfully submits this Notice of Supplemental Authority for its pending Opposition to Plaintiffs' Motion for Summary Judgment, Dkt. 50, and Cross Motion for Summary Judgment, Dk. 49, to inform the Court of the U.S. Supreme Court's recent decision in *Seven County Infrastructure Coalition v. Eagle County, Colorado*, No. 23-975, 2025 WL 1520964 (U.S. May 29, 2025), attached as Exhibit A for the Court's convenience. In that case, the Supreme Court confirmed the substantial deference afforded agencies in judicial review of agency analysis and documentation under the National Environmental Policy Act ("NEPA"). The Supreme Court's decision is directly relevant here because Plaintiffs in this case claim that Federal Defendants violated NEPA in approving the Revolution Wind Farm, alleging deficiencies in: (i) Federal Defendants' level of analysis in the

---

[1] Doug Burgum has been substituted for Deb Haaland per Federal Rule of Civil Procedure 25(d).

environmental impact statement ("EIS") regarding potential impacts on historic properties, and (ii) Federal Defendants' assessment of cumulative effects.  See Dkt. 44-1 at 32-38.

In *Seven County Infrastructure Coalition*, the Supreme Court contrasted the type of statutory interpretation at issue in *Loper Bright Enterprises v. Raimondo*, 603 U. S. 369 (2024), with the deferential Administrative Procedure Act standard of review applicable to agency NEPA analysis.  See 2025 WL 1520964, at *6-7.  The Court confirmed that "[t]he bedrock principle of judicial review in NEPA cases can be stated in a word: Deference." *Id.* at *9.  The Court observed that "[w]hen assessing significant environmental effects and feasible alternatives for purposes of NEPA, an agency will invariably make a series of fact-dependent, context-specific, and policy-laden choices about the depth and breadth of its inquiry—and also about the length, content, and level of detail of the resulting EIS." *Id.* at *8.  The Court concluded that when reviewing those agency choices, "[c]ourts should afford substantial deference and should not micromanage those agency choices so long as they fall within a broad zone of reasonableness." *Id*.  In sum, the Court concluded that "courts should afford substantial deference to the agency as to the scope and contents of the EIS." *Id.* at *13.  This supplemental authority further supports denying Plaintiffs' motion for summary judgment and granting Revolution Wind's cross-motion for summary judgment.

Dated: June 6, 2025                                   Respectfully submitted,

                                                      By */s/ Janice M. Schneider*

                                                      Janice M. Schneider (D.C. Bar No. 472037)
                                                      Stacey L. VanBelleghem (D.C. Bar No. 988144)
                                                      Devin M. O'Connor (D.C. Bar No. 1015632)
                                                      LATHAM & WATKINS LLP
                                                      555 11th Street NW, Suite 1000
                                                      Washington, D.C. 20004
                                                      Tel: (202) 637-2200
                                                      Fax: (202) 637-2201
                                                      Email: janice.schneider@lw.com
                                                             stacey.vanbelleghem@lw.com
                                                             devin.o'connor@lw.com

                                                      *Counsel for Defendant-Intervenor*
                                                      *Revolution Wind, LLC*